1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

LAURA L. TIMLICK,

                Plaintiff,

    v.

BANK OF AMERICA, NA, et al.,

                Defendants.

CASE NO. C16-5797BHS

ORDER GRANTING
DEFENDANT'S MOTION,
GRANTING IN PART AND
DENYING IN PART
DEFENDANTS' MOTION, AND
GRANTING PLAINTIFF LEAVE
TO AMEND

13

14

15

16

17

18

      This matter comes before the Court on Defendants Renee M. Parker ("Parker")

and Residential Credit Solutions, Inc.'s ("RCS") motion to dismiss (Dkt. 14) and

Defendant Northwest Trustee Services, Inc.'s ("NWTS") motion to dismiss (Dkt. 16).

The Court has considered the pleadings filed in support of and in opposition to the

motion and the remainder of the file and hereby rules as follows:

19

## I. PROCEDURAL HISTORY

20

21

22

      On September 16, 2016, Plaintiff Laura Timlick ("Timlick") filed a complaint

against Bank of America, N.A. ("BANA"); RCS; The Bank of New York Mellon

("BNYM"), f/k/a The Bank of New York; Parker; and NWTS asserting claims for breach

of a deed of trust, breach of good faith and fair dealing, breach of Washington's Deed of

Trust Act ("DTA"), violations of Washington's Consumer Protection Act ("CPA"),

violations of the Fair Debt Collection Practices Act ("FDCPA"), violations of the Real

Estate Settlement Procedures Act ("RESPA"), and outrage.  Dkt. 1.

On October 17, 2016, Parker and RCS filed a motion to dismiss.  Dkt. 14.  On

October 24, 2016, NWTS filed a motion to dismiss.  Dkt. 16.  On November 14, 2016,

Timlick responded to both motions.  Dkts. 18, 19.[1]  On November 17, 2016, Parker,

RCS, and NWTS replied.  Dkts. 20, 21.

## II. FACTUAL BACKGROUND

Timlick purchased her home for $487,000 in October of 2005.  Less than two

years later, Timlick refinanced the loan and borrowed money from Northwest Mortgage

Alliance, LLC.  Dkt. 1, ¶ 11.  The appraisal was done on behalf of the lender by

LandSafe Appraisal Services ("LandSafe"), a subsidiary of defendant BANA.  *Id.*

LandSafe set valuation of Timlick's property at $900,000 to give her $630,000 in cash

after refinancing.  *Id.*

Over the year, BANA employed various loan servicers.  Initially, Countrywide

serviced the loan.  *Id.*, ¶ 13.  Then, BAC Home Loans became the servicer.  *Id.*  In

August 2013, BANA informed Timlick that RCS was the new servicer of the loan.  *Id.*, ¶

---

[1] Timlick moves to strike RCS and Parker's motion or impose fines because it is improperly formatted.  While the brief is improperly formatted, it appears that the mistake was inadvertent and is nonprejudicial.  Upon notice of the mistake, RCS and Parker filed a properly formatted brief.  Therefore, the Court denies the motion to strike.

24.  In September 2013, RCS began to send Timlick notices that her loan was in default as well as forms for a loan modification.  *Id.*, ¶ 26.

Throughout the process of trying to obtain a loan modification, Timlick alleges that Defendants have violated numerous laws.  Timlick alleges that she has been assessed various fees in conjunction with her loan being in default and NWTS has posted notices of nonjudicial foreclosures.  Timlick has filed this action to remedy these alleged ongoing violations.

## III. DISCUSSION

### A.   Standard

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 1974.  When deciding a motion to dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

**B.    NWTS's Motion**

NWTS moves to dismiss Timlick's DTA, CPA, and outrage claims and contends that declaratory relief is not necessary.  Dkt. 16.  Regarding the DTA claim, the complaint shows and the briefing demonstrates that Timlick should not have asserted the alleged DTA violations as an independent claim.  Timlick alleges that "[a]lthough [she] is not seeking monetary damages for NWTS' violations of the DTA *per se*, she does plead these violations as the foundation of her claims under the [CPA]."  Dkt. 1, ¶ 79.  NWTS asserts that the alleged DTA violations relate to elements of the CPA claim and have no independent basis.  Dkt. 16.  The Court agrees, and Timlick fails to provide any opposition to this issue.  Therefore, the Court grants NWTS's motion and dismisses Timlick's DTA claim.

Regarding the outrage claim and declaratory relief, Timlick fails to oppose NWTS's motion, which the Court views as an admission that the motion has merit. Local Rules, W.D. Wash. LCR 7(b)(2).  Based on the complaint, it appears that the outrage claim is only brought against RCS and BANA.  Dkt. 1, ¶ 100.  To the extent that Timlick intended to assert the claim against NWTS, the claim is nothing more than labels and conclusions, which is insufficient to state a claim for relief.  Accordingly, the Court grants DWTS's motion on this issue.

On the issue of declaratory relief, Timlick fails to explain how such relief is warranted against NWTS.  More importantly, Timlick fails to explain how declaratory relief may be asserted as an independent claim absent any other violation of law. Accordingly, the Court grants NWTS's motion to dismiss this claim.

1    Regarding the CPA claim, NWTS argues that Timlick fails to allege facts to

2    support every element of a CPA claim.  Timlick, however, has alleged sufficient facts to

3    state a claim, but, if anything, failed to specifically set forth the allegations in the claim

4    section of her complaint.  For example, Timlick alleges that NWTS failed to exercise its

5    independent judgment as a trustee, which led to costs associated with determining what

6    entity owned her loan and diminution in value of her property.  Dkt. 1, ¶¶ 39, 68–69.  The

7    Court finds that these allegations are sufficient to state a valid claim for relief under

8    Washington law.  *See Mecum v. Wells Fargo*, 2016 WL 1047435 (W.D. Wash. 2016)

9    (trustee's failure to exercise independent judgment); *Trujillo v. NWTS*, 183 Wn.2d 820,

10   837 (2015) ("Trujillo can satisfy the CPA's injury requirement with proof that her

11   property interest or money is diminished as a result of NWTS's unlawful conduct . . . .").

12   Even though the Court finds that the complaint contains sufficient allegations to support a

13   claim, the allegations are not set forth in the body of the claim.  Usually, the Court would

14   deny the motion and move forward with the proceeding.  However, because the Court is

15   granting Timlick leave to amend her complaint, the Court will grant NWTS's motion on

16   this issue, and Timlick may amend her complaint to include specific allegations in her

17   claims.

18   **C.    RCS and Parker's Motion**

19          **1.    Breach of Contract and Breach of Duty of Good Faith and Fair
                      Dealing**

20          RCS asserts that Timlick's breach of contract and breach of the duty of good faith

21   and fair dealing claims must fail.  Dkt. 14 at 11–14.  While RCS advances numerous

22

arguments in support of this assertion, the simple fact is that Timlick fails to allege that it entered into a contract with RCS.  While RCS, as an agent of the deed holder BNYM, may fail to perform delegated duties pursuant to Timlick's contract with BNYM, Timlick fails to show or cite any authority for the proposition that she has a cause of action against the agent as opposed to or in conjunction with the principal.  *See Houser v. City of Redmond*, 91 Wn.2d 36, 40 (1978) (A corporation can "act only through its agents."). In fact, Timlick even concedes that her claims are "against RCS as an agent to the Note purchaser, co-defendant [BNYM]."  Dkt. 18 at 7.  In the absence of any authority for the proposition that an agent is liable for the breach of obligations in the principal's contract, Timlick's claims fail when they are independently asserted against the agent.  Therefore, the Court grants RCS's motion to dismiss these claims against the agent RCS.

**2.      CPA**

RCS and Parker move to dismiss Timlick's CPA claim.  First, RCS claims that Timlick's CPA claim is "[f]atally [d]eficient."  Dkt. 14 at 15.  The Court agrees that it is deficient because it lacks specificity, but it is not fatal.  Timlick lumped three defendants together, and then alleged that their actions were unfair and deceptive for numerous reasons.  Dkt. 1, ¶ 81.  In her response, Timlick specifically identifies the allegations that relate to RCS on this claim.  Dkt. 10–11.  While the interests of judicial economy would suggest that RCS has sufficient notice of the allegations to support a claim, RCS insists that it is entitled to Timlick detailing the allegations in the body of her claim.  Dkt. 20 at 6.  On balance, Timlick's complaint sufficiently states a claim as a whole, but the body of

1  the claim is rather unspecific to individual defendants and formulaic.  Thus, the Court

2  grants RCS's motion and Timlick is granted leave to amend.

3       Second, Parker's arguments that Timlick's claim fails is heavy on conclusions and

4  light to nonexistent on law.  *See* Dkts. 14 at 19, 20 at 9–10.  While Timlick's claim seems

5  unique, she asserts an allegation for every element of a CPA claim.  *See Walker v.*

6  *Quality Loan Serv. Corp.*, 176 Wn. App. 294, 317 (2013).  Therefore, the Court denies

7  Parker's motion on this issue.

8       **3.     FDCPA**

9       The parties agree that, based on the one-year statute of limitations, Timlick must

10  allege facts that occurred after the date one year from the filing of the complaint, which

11  was September 19, 2016.  Dkt. 14 at 19, Dkt. 18 at 16.  Interestingly, neither party

12  provides the operative date of September 19, 2015.  Dkt. 14 at 19 (Timlick "can only

13  prosecute such violations which occurred within one year of September 19, 2016, i.e.,

14  those that occurred after September 19, 2016."), Dkt. 18 at 16 (Timlick "filed her

15  Complaint on September 19, 2016,which means that all incidents occurring in the year

16  prior, between September 26, 2015 and September 26, 2016, are covered within the one-

17  year limitation.").  The Court assumes that both of the parties' dates are typos.

18  Regardless, based on the allegations in the complaint, the Court agrees with RCS that

19  Timlick has failed to identify operative facts that occurred within the relevant time frame.

20  Thus, the Court grants RCS's motion on this claim.  Timlick, however, does allege facts

21  that occurred in "September 2015," and the Court grants Timlick leave to amend to

22  clarify the specific dates of these facts.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

### 4.    RESPA

RCS moves to dismiss Timlick's RESPA claim.  Dkt. 14 at 22–24.  First, RCS argues that Timlick's Notice of Error is not a proper correspondence under RESPA and, even if it was, RCS timely responded on October 26, 2016.  *Id*.  Timlick, however, alleges as follows:

> RCS violated RESPA for failing to timely respond to Plaintiff's Notice of Error issued in September 2015. When RCS finally responded in November of 2015, it failed to conduct a reasonable investigation into the items requested as evidenced by RCS' conclusory statement that "RCS is under no obligation to provide you with proof or documents."

Dkt. 1, ¶ 98.  The Court finds that these allegations are sufficient to state a claim that RCS violated both the 30-day response rule as well as the duty to perform a reasonable investigation.  *See* 12 C.F.R. § 1024.35(e).

Second, RCS argues that Timlick failed to allege damages.  Dkt. 14 at 24. Timlick, however, has alleged that "RCS has deprived Plaintiff the opportunity to correct any errors in the Loan and precluded any effort by her to address the payment obligations under the loan documents."  Dkt. 1, ¶ 99.  The Court finds that this allegation is sufficient to withstand RCS's motion.  Therefore, the Court denies RCS's motion on this issue.

### 5.    Outrage

RCS moves to dismiss Timlick's outrage claim.  Dkt. 14 at 24–27.  Timlick alleges as follows:

> All the named defendants have acted in concert to divest Plaintiff of all rights and interest she has in her homestead. By being in possession of all of Plaintiff's intimate personal and financial information, and by dragging out the process of loss mitigation for so long, BANA and RCS knew or should have known that (1) Plaintiff was peculiarly susceptible to

1    emotional distress, and (2) their mishandling of the mortgage loan and loan
2    modification would have affected her in a profound way as to inflict severe
     emotional distress as well as serious medical conditions.

3    Dkt. 1, ¶ 100.  The Court agrees with RCS that these allegations fail to state a claim for

4    outrage.  Specifically, Timlick's allegations that "'she made a number of telephone calls

5    and wrote letters and that defendant failed to respond to her numerous inquiries and that

6    as a result, she suffered 'severe emotional distress.' . . . is insufficient, without more, to

7    support a claim of outrage." *Mccourt v. Ocwen Loan Servicing, LLC*, 11-CV-05863 JRC,

8    2012 WL 681787, at *5 (W.D. Wash. Feb. 29, 2012).  Therefore, the Court grants RCS's

9    motion on this claim.  The Court, however, is unable to conclude that it is absolutely

10   clear that Timlick is unable to cure the deficiencies in this claim and grants her leave to

11   amend this claim.  *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

12                                    **IV. ORDER**

13          Therefore, it is hereby **ORDERED** that RCS and Parker's motion to dismiss (Dkt.

14   14) is **GRANTED in part** and **DENIED in part**, NWTS's motion to dismiss (Dkt. 16) is

15   **GRANTED**, and Timlick is **GRANTED** leave to amend consistent with this order.

16   Timlick may file an amended complaint no later than January 20, 2017.

17          Dated this 17th day of January, 2017.

18

19                                    _____
                                      BENJAMIN H. SETTLE
20                                    United States District Judge

21

22

ORDER - 9