UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAURA L. TIMLICK,

    Plaintiff,

v.

BANK OF AMERICA, NA, et al.,

    Defendants.

CASE NO. C16-5797BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND

This matter comes before the Court on Defendants Renee M. Parker ("Parker") and Residential Credit Solutions, Inc.'s ("RCS") motion to dismiss (Dkt. 27). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On September 16, 2016, Plaintiff Laura Timlick ("Timlick") filed a complaint against Bank of America, N.A. ("BANA"); RCS; The Bank of New York Mellon ("BNYM"), f/k/a The Bank of New York; Parker; and NWTS asserting claims for breach of a deed of trust, breach of good faith and fair dealing, breach of Washington's Deed of Trust Act ("DTA"), violations of Washington's Consumer Protection Act ("CPA"),

violations of the Fair Debt Collection Practices Act ("FDCPA"), violations of the Real Estate Settlement Procedures Act ("RESPA"), and outrage. Dkt. 1.

On October 17, 2016, Parker and RCS filed a motion to dismiss. Dkt. 14. On October 24, 2016, NWTS filed a motion to dismiss. Dkt. 16. On January 17, 2017, the Court granted the motions and granted Timlick leave to amend. Dkt. 23. On January 19, 2017, Timlick filed an amended complaint. Dkt. 25.

On March 16, 2017, Parker and RCS filed a motion to dismiss. Dkt. 27. On April 3, 2017, Timlick responded. Dkt. 28. On April 6, 2017, Parker and RCS replied. Dkt. 29.

## II. FACTUAL BACKGROUND

Timlick purchased her home for $487,000 in October of 2005. Less than two years later, Timlick refinanced the loan and borrowed money from Northwest Mortgage Alliance, LLC. Dkt. 25, ¶ 11. The appraisal was done on behalf of the lender by LandSafe Appraisal Services ("LandSafe"), a subsidiary of defendant BANA. *Id*. LandSafe set valuation of Timlick's property at $900,000 to give her $630,000 in cash after refinancing. *Id*.

Over the year, BANA employed various loan servicers. Initially, Countrywide serviced the loan. *Id*., ¶ 13. Then, BAC Home Loans became the servicer. *Id*. In August 2013, BANA informed Timlick that RCS was the new servicer of the loan. *Id*., ¶ 24. In September 2013, RCS began to send Timlick notices that her loan was in default as well as forms for a loan modification. *Id*., ¶ 26.

Throughout the process of trying to obtain a loan modification, Timlick alleges that Defendants have violated numerous laws. Timlick alleges that she has been assessed various fees in conjunction with her loan being in default and NWTS has posted notices of nonjudicial foreclosures. Timlick has filed this action to remedy these alleged ongoing violations.

### III. DISCUSSION

**A.  Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. When deciding a motion to dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

**B.  CPA**

The five elements required to establish a violation of the CPA are: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact;

(4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986).

In this case, RCA argues that Timlick failed to allege facts satisfying every element of her CPA claim. While Timlick's lengthy, rambling complaint appears to allege facts sufficient to meet most of the elements of this claim, RCS is correct that there is no allegation that the alleged, unfair and deceptive acts injured other persons or had the capacity to injure other persons. Therefore, the Court grants RCS's motion on this issue. Timlick is also granted leave to amend this claim because RCS has failed to show that it is absolutely clear that the claim may not be cured by additional amendments. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

**C.     FDCPA**

The parties agree that, based on the one-year statute of limitations, Timlick must allege facts that occurred after September 19, 2015, which is one year before she filed her complaint. RCA argues that Timlick has failed to allege operative facts even though Timlick specifically alleges that RCA called her to collect on the debt over twenty times between September 19, 2015 and February 1, 2016. Dkt. 25, ¶ 92. Therefore, the Court denies RCA's motion on this issue.

**D.     Outrage**

RCS moves to dismiss Timlick's claim for outrage. The elements of the tort of outrage are "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress on the part of plaintiff." *Rice v. Janovich*, 109 Wn.2d 48, 61 (1987). The Court previously dismissed this claim because

the allegations failed to rise above the level of insults, indignities, threats or annoyances. *See Grimsby v. Samson*, 85 Wn.2d 52, 59 (1975). The Court granted Timlick leave to amend, but Timlick has failed to add any allegation of substance to the claim. Other than rewording and expounding on the original allegations, Timlick has really only altered the claim by adding allegations regarding the level of distress she experienced. Dkt. 25 at 37–40. The allegations are insufficient to meet the standard of outrageous conduct. *McCourt v. Ocwen Loan Servicing, LLC*, 11-CV-05863 JRC, 2012 WL 681787, at *5 (W.D. Wash. Feb. 29, 2012). Therefore, the Court grants RCS's motion and dismisses Timlick's claim with prejudice.

## IV. ORDER

Therefore, it is hereby **ORDERED** that RCS and Parker's motion to dismiss (Dkt. 27) is **GRANTED in part** and **DENIED in part** as set forth herein. Timlick may file an amended complaint consistent with this opinion no later than May 26, 2017.

Dated this 18th day of May, 2017.

BENJAMIN H. SETTLE
United States District Judge